IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-MJ-1319-JG-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| LIA LYNETTE A. STANSBURY, | ) |
| | ) |
| Defendant. | ) |

At the session of this court held on 10 June 2015 in Fayetteville, North Carolina, the government requested issuance of a bench warrant for defendant's arrest based on her alleged failure to appear at her initial appearance scheduled for the 11 May 2010 session of court in Fayetteville. Although the docket sheet in this case indicates that defendant's initial appearance was scheduled for that session (*see* D.E. dated 8 Apr. 2010), it contains no entry confirming that defendant failed to appear as alleged. The government has submitted no evidence of the alleged failure to appear.

In addition, the only evidence proffered by the government that defendant received actual notice of the scheduled initial appearance is that the notice of the initial appearance mailed to her was not returned as undeliverable by the United States Postal Service. The court questions whether non-return of mail as undeliverable, without more, provides adequate proof of notice to a defendant to justify proceedings against the defendant for failure to appear, particularly when the delay in pursuing the alleged failure to appear is as great as it is here. More specifically, the only activity by the government reflected in the docket sheet since its filing of the criminal information against the defendant and the related penalty sheet on 6 April 2010 (*see* D.E. 1, 2) is its filing of a notice of substitution of counsel on 27 July 2011 (*see* D.E. 3). Thus, it has delayed over five years

in taking any action of record for the alleged failure to appear or to otherwise prosecute this case.

For the foregoing reasons, it is ORDERED as follows:

1. The government's request for a bench warrant is DENIED.

2. The government shall file by 1 July 2015 a memorandum showing cause why this case should not be dismissed for failure to prosecute. *See, e.g., United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995).

3. Defendant may file a response to the government's memorandum within 14 days after service of the memorandum on her.

SO ORDERED, this 16th day of June 2015.

James E. Gates
United States Magistrate Judge